Aug. 1840.

Coleman and others

v.

Gage and others.

---

## COLEMAN and others *vs.* GAGE and others.

It is a general rule that an injunction will not be dissolved upon answer, until the answers of all the defendants are put in. But if the defendants' answering, state upon oath, positively and fully, that the defendant who does not answer, was not in a situation to know, and in point of fact did not know, any thing in relation to the matters charged, the injunction will be dissolved upon the answer of a part of the defendants having the whole knowledge of the transactions, if it denies fully the equity of the bill.

*R. Haight,* for complainants.

*S. Mathews,* for defendants.

THE VICE CHANCELLOR. This is a motion to dissolve the injunction issued in this cause upon filing the bill. The motion is founded upon the answer of three of the defendants, the fourth defendant not answering. It is alleged, however, in the answer, that the fourth defendant who does not answer, went to Virginia before the transactions took place which are charged in the bill, and has not since returned; and that personally he knows nothing about the subject matter of the suit.

It is a general rule that an injunction will not be dissolved upon answer, until the answers of all the defendants are in. This rule is, however, subject to

exceptions. The good sense of the rule is, that the injunction shall not be dissolved until the conscience of all the defendants charged by the bill with personal knowledge of the gravamen of the charge, has been probed. In other words, before the injunction can be dissolved upon answer, the personal knowledge of all the defendants who have any personal knowledge of the transactions, should be disclosed by the answers. Otherwise the answer of the defendant who was personally knowing to facts, which would prevent the dissolution of the injunction, might be kept back. If it appears, however, upon the answer itself, that all the defendants who personally know of the transactions brought in question, have answered; and that the defendant not answering, was not in a situation to know, and did not in point of fact know, any thing in relation to the transactions, it is worse than idle to say that the injunction should be retained until the answer of the other defendant should come in. If his answer comes in, he can throw no light upon the transaction. And I apprehend, in this respect, the rule is no different, whether the bill calls for an answer upon oath, or waives an answer under such sanction. In either case, before the injunction can be dissolved upon answer, the complainant has a right to insist that the answer of all the defendants having any personal knowledge in relation to the gravamen of the charge in the bill, shall be put in upon oath.

In this case, the defendant who does not answer, went to Virginia before the transactions took place which constitute the ground of the complainants' bill. He has not returned since. It is sworn that he knows nothing about the transactions. The personal know-

Sept. 1840

ledge is in his co-partners and co-tenants and their grantor. They have all answered; and it seems to me to be a mockery to require the proceedings to be stayed until the answer of this absent defendant can be procured, who, when he answers, can say nothing. This preliminary objection must therefore be over-ruled; and inasmuch as the answer put in denies the equity of the bill, the injunction must be dissolved with ten dollars costs.